IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER CLARK,

    Plaintiff,

vs.

COUNTY OF YUBA, et al,

    Defendants.
_____/

No. CIV S-98-0704 LKK PAN (GGH) PS

<u>FINDINGS AND RECOMMENDATIONS</u>

    Plaintiff Roger Clark moves pursuant to Fed. R. Civ. P. 60(b) to set aside or vacate the court's December 16, 2002 order granting defendants' motions for summary judgment. This action, in which plaintiff is proceeding pro se, was referred to the undersigned pursuant to E. D. Cal. L. R. 72-302(c)(21). On December 9, 2005, the court vacated the hearing on plaintiff's motion and submitted the matter for decision on the papers. E. D. Cal. L. R. 78-230(h).

    The court's December 16, 2002 order adopted June 12, 2002 findings and recommendations that plaintiff had failed to meet his burden of presenting sufficient probative evidence in support of his 42 U.S.C. § 1983 claim that, in retaliation for plaintiff's 1996 recovery against one of the defendants for false arrest and brutality, defendants pursued fabricated criminal charges against plaintiff resulting in harassment, intimidation, defamation and emotional distress.

1

1   This court's judgment was affirmed on appeal by the Ninth Circuit on December 2, 2003.

2   Plaintiff contends the court's December 16, 2002 order and judgment should be
3   set aside based on newly discovered evidence demonstrating defendants' fraud upon the court,
4   and because one of the motions for summary judgment was untimely noticed and served.  Fed. R.
5   Civ. P. 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ...
> from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been
> discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic),
> misrepresentation, or other misconduct of an adverse party; or
> . . . (6) any other reason justifying relief from the operation of the judgment.

11   Rule 60 further provides, "The motion shall be made within a reasonable time,
12  and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding
13  was entered or taken. . . . This rule does not limit the power of a court to . . . set aside a judgment
14  for fraud upon the court."

15   The new evidence submitted by plaintiff is an unauthenticated Declaration of
16  Probable Cause purportedly executed March 17, 1997 by defendant James H. Cooper, an
17  investigator with the Marysville Police Department, wherein Mr. Cooper avers probable cause to
18  believe plaintiff committed the offenses under investigation[1] and seeks a warrant for plaintiff's
19  arrest.  Plaintiff asserts he first obtained this document "from an unknown source sent from
20  Sacramento, California after the case was over. . . . There was no return address on that mailing."
21  Plaintiff's Response to Defendants' Objection, at p. 4.  Plaintiff does not state when he received

22  \\\\\
23  \\\\\
24  \\\\\

---

[1] Viz., "Fraudulent use of credit card, forgery of access card, embezzlement by employee, personate to make other liable, conspiracy, grand theft."

the document but suggests it was after the December 2002 decision of this court and before the December 2003 ruling of the Ninth Circuit.[2]

Defendants do not dispute the validity of the Declaration of Probable Cause nor do they squarely dispute plaintiff's assertion the document was not disclosed to plaintiff prior to this court's judgment. Rather, defendants contend plaintiff's motion is untimely and plaintiff has failed to demonstrate defendants perpetrated "fraud upon the court."

To the extent plaintiff's motion is made on the basis of mistake, new evidence or fraud generally, pursuant to Rule 60(b)(1), (2) or (3), it is untimely because filed more than one year after this court's judgment, notwithstanding plaintiff's apparent possession of the new evidence within this period.[3] To the extent plaintiff's motion is based upon Rule 60(b)(6), plaintiff has failed to demonstrate that "extraordinary circumstances" prevented him "from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

---

[2] Plaintiff states [sic]: "The Court of Appeals could not rule on this evidence because it was not an issue at the time and not available to Roger Clark at the motions at the District Court level, as an issues during the time of the appeal. The Court of Appeals can only decide on issues on appeal files from the records. Roger Clark did not have this documents during the hearings and motions at the United Stated District Court level. So the court of appeals did not rule because it was not part of the records at the fault of the defendants nor was it an issue at the Court of Appeals." Plaintiff's Response to Defendants' Objection, at p. 5.

[3] Moreover, plaintiff has failed to demonstrate any basis for this motion under Rule 60(b)(1). Plaintiff asserts the court improperly granted the September 26, 2001 summary judgment motion of the Yuba County public defendants because the motion was untimely noticed before this court and therefore untimely served upon plaintiff, resulting in his failure to file an opposition. This contention lacks merit.

Yuba County's motion noticed a hearing date of October 31, 2002. Local Rule 78-230(b) requires that notice of the hearing be given "not less than thirty-one (31) days after mailed . . . service and filing of the motion." Plaintiff concedes defendants served him by mail on September 26, 2001 but argues an additional three days for service was required by Local Rule 6-136(a) and Fed. R. Civ. P. 6(e). However, the three days permitted by the latter rules are incorporated into the 31-day requirement of Local Rule 78-230(b) (cf., the 28-day notice requirement for personal service).

Yuba County's September 26, 2001 motion and service upon plaintiff were therefore timely. Thirty-one days from September 26, 2001 was October 27, 2001; the noticed hearing date was Wednesday, October 31, 2001.

1  The court nontheless retains jurisdiction to consider plaintiff's allegation
2 defendants committed "fraud upon the court."  The Ninth Circuit has set forth the following
3 guidelines in assessing claims of fraud upon the court pursuant to Rule 60(b) (Appling v. State
4 Farm Mut. Auto. Ins. Co., 340 F.3d 769, 780 (9th Cir. 2003):

> An independent action to set aside a judgment for fraud on the court is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." United States v. Beggerly, 524 U.S. 38, 46, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) (internal quotation marks omitted). "[A]n independent action should be available only to prevent a grave miscarriage of justice." Id., at 47, 118 S.Ct. 1862 (holding that allegations that the prevailing parting failed during discovery in the underlying case to "thoroughly search its records and make full disclosure to the Court" were not fraud on the court).
>
> As we explained in In re Levander [180 F.3d 1114, 1118 (9th Cir. 1999)], the basis for an independent action to set aside a judgment for fraud on the court lies in misconduct that "harm[s] the integrity of the judicial process." 180 F.3d at 1119 (internal quotation marks omitted).  We read the term "fraud on the court" narrowly, and apply the following definition:  "Fraud upon the court" ⋯ embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Id. (internal quotation marks).  Non-disclosure, or perjury by a party or witness, does not, by itself, amount to fraud on the court.  Id., at 1119-20.

16  Plaintiff claims the Declaration of Probable Cause demonstrates that defendants
17 intended to arrest plaintiff when, more than one week later, they entered plaintiff's paralegal
18 office, questioned plaintiff about his business activities and escorted him to the Marysville Police
19 Station for further questioning, without appraising plaintiff of his right against self-incrimination
20 and right to counsel pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).[4]
21 Plaintiff relies on Massiah v. United States, 377 U.S. 201, 84 S. Ct. 1199 (1964) (excluding
22 incriminating statements made by defendant in the absence of his retained counsel), to assert
23 "strict violation" of his Miranda rights.
24 \\\\\

---

[4] Defendants disputed these alleged facts, asserting plaintiff was permitted to call his attorney and was informed of his rights against self-incrimination and right to counsel.

4

Plaintiff appears to have lost the thread of his original claim that defendants harassed plaintiff based upon false charges.  The Declaration of Probable Cause, if authentic, demonstrates defendants had probable cause both to investigate and arrest plaintiff – the document strengthens defendants' position and therefore the judgment of this court.  Thus, even if defendants intentionally withheld the document – a serious and sanctionable action were it timely challenged – it cannot be said that such action resulted in a "grave miscarriage of justice."

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion (filed November 16, 2005, as amended November 28, 2005) to vacate this court's December 16, 2002 order and judgment be denied.

These findings and recommendations are submitted to the Honorable Lawrence K. Karlton, the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  7/5/06

/s/ Gregory G. Hollows
_____
U.S. Magistrate Judge

NOW6:Clark.Rule 60