1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  ROGER CLARK,
                                    NO. CIV. S-98-704 LKK/GGH PS
12          Plaintiff,

13      v.                                    O R D E R

14  COUNTY OF YUBA, et al

15          Defendants.
    _____/

16

17      Pending before the court are plaintiff's motion to vacate this

18  court's December 16, 2002 order and plaintiff's motion to reopen

19  the case.   The court has reviewed the statements of opposition

20  filed by defendants.  The matter is decided based on the papers and

21  without oral argument.

22                          **Background**

23      Plaintiff originally filed suit on April 20, 1998.   On June

24  12, 2002 the magistrate judge assigned to this case recommended

25  that decedents' motion for summary judgment be granted.  This court

26  adopted the findings and recommendations on December 16, 2002.  The

                                    1

1  December 16 order terminated the case. Plaintiff appealed,

2  contending that he was not timely served with defendants' motion

3  for summary judgment. On December 2, 2003, the Ninth Circuit

4  affirmed the judgment of this court. The Ninth Circuit

5  specifically rejected plaintiff's argument that the motion for

6  summary judgment was untimely. On April 26, 2004, the United

7  States Supreme Court denied plaintiff's petition for writ of

8  certiorari.

9      On November 16, 2005, plaintiff filed a motion to set aside

10  or vacate the court's December 16, 2002 order. Plaintiff again

11  claimed, inter alia, that the motion for summary judgment was

12  improperly served. The magistrate judge recommended denying the

13  motion and this court adopted the recommendation. Accordingly, the

14  motion to set aside or vacate the December 16, 2002 order was

15  denied.

16      In plaintiff's pending motions, plaintiff asserts that he

17  believed the case was still open and that the case was closed by

18  mistake. Plaintiff also argues that defendants failed to properly

19  serve their motion for summary judgment.

20                              **Analysis**

21      Plaintiff presents no compelling reasons why this case should

22  be reopened or why this court's December 16, 2002 order should be

23  vacated. It is well established that "[u]nder the 'law of the

24  case' doctrine a court is generally precluded from reconsidering

25  an issue that has already been decided by the same court, or a

26  higher court in the identical case." United States v. Alexander,

2

1   106 F.3d 874, 876 (9th Cir. 1997)(citing <u>Thomas v. Bible</u>, 983 F.2d

2   153, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993)).

3       These motions mark the second time plaintiff has asked that

4   the court revisit its prior ruling.  To the extent that these

5   motions may be construed as motions to reconsider, plaintiff has

6   failed demonstrate any new grounds or reasons for why the court

7   should grant his motions.

8       Local Rule 78-230(k) requires that a party seeking

9   reconsideration of a district court's order must brief the "new or

10  different facts or circumstances . . . which . . . were not shown

11  upon such prior motion, or what other grounds exist for the

12  motion." Generally speaking, before reconsideration may be granted

13  there must be a change in the controlling law or facts, the need

14  to correct a clear error, or the need to prevent manifest

15  injustice. See <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th

16  Cir. 1997).

17      Motion to reconsider are not vehicles permitting the

18  unsuccessful party to "rehash" arguments previously presented. <u>See</u>

19  <u>Costello v. United States Government</u>, 765 F. Supp. 1003, 1009 (C.D.

20  Cal. 1991).  Nor is a motion to reconsider justified on the basis

21  of new evidence available prior to the court's ruling.  <u>See</u> <u>Fay</u>

22  <u>Corp. v. BAT Holdings One, Inc.</u>, 651 F. Supp. 307, 309 (W.D. Wash.

23  1987), aff'd, 896 F.2d 1227 (9th Cir. 1990).  These relatively

24  restrictive standards "reflect[] district courts' concern for

25  preserving dwindling resources and promoting judicial efficiency."

26  <u>Costello</u>, 765 F. Supp. at 1009.

1    Here, plaintiff raises the same arguments he raised before the

2  magistrate judge and before the Ninth Circuit, namely that the

3  summary judgment motion was untimely.  This issue was conclusively

4  addressed by the magistrate judge as well as the Ninth Circuit.

5  Plaintiff also fails to establish that there was change in the

6  controlling law or facts, the need to correct a clear error, or the

7  need to prevent manifest injustice.  See Alexander, 106 F.3d at

8  876.  Upon review of the record, it is evident that all of

9  plaintiff's claims have been fully adjudicated and there is no

10 reason for the court to revisit its prior order.[1]

11    IT IS SO ORDERED.

12    DATED: March 9, 2007.

14

15    LAWRENCE K. KARLTON
      SENIOR JUDGE
16    UNITED STATES DISTRICT COURT

_____

[1]    The Yuba County defendants seek attorneys fees for the
work incurred in preparing its response to plaintiff's motions. The
court finds that an award of attorneys fees is not appropriate in
this situation.  However, should plaintiff file yet another motion
for reconsideration the court will entertain defendants' request
for attorneys fees and/or sanctions.

4